IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NORAM RESOURCES, INC. and AUSAM ENERGY CORPORATION, | § § § § | Case No. 08-38222-H1-7 (Chapter 7) (Jointly Administered) |
| Debtors. | § | |
| WILLIAM G. WEST, CHAPTER 7 TRUSTEE | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | Adversary No. 10-3703 |
| WRH ENERGY PARTNERS, L.L.C., HUFF ENERGY FUND, L.P., W.H. AVE., LLC, and BARRY BORAK, | § § § § § | |
| Defendants. | § | |

**TRUSTEE'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL
BRIEF IN SUPPORT OF MOTION TO DISMISS**

William G. West, chapter 7 Trustee (the "Trustee") files this Response to Defendants' Supplemental Brief in Support of Motion to Dismiss, Doc. 31, filed by Defendants WRH Energy Partners LLC, The Huff Energy Fund L.P., WH Ave. LLC and Barry Borak (collectively "Huff" or "Defendants").

I.   Analysis

    A.   The Trustee is not required to plead damages on the estates' breach of fiduciary duty claim

Huff argues that "because the Trustee cannot plead damages" resulting from Huff's breach of duty as an agent of the estates for pursuing claims against SKH, the Trustee's breach of fiduciary duty claim against Huff "cannot survive." Doc. 31, at 13. Huff goes on to suggest that, if any

1

damages were in fact recoverable on the estates' claims against SKH, the Trustee was negligent in failing to pursue those claims himself once Huff ceased to pursue them for the estates. *Id.* at 2, 14. Huff's arguments suffer from two flaws, one legal and one factual.

### 1) Damages are not a required element of the estates' claims against Huff for breach of fiduciary duty

Huff represents to the Court that damages are an "essential element of a breach of fiduciary duty claim." Doc. 31, at 13. Huff misstates the law; damages are not a required element of a breach of fiduciary claim. *See, e.g., Spera v. Fleming, Hovenkamp & Grayson, P.C.*, 25 S.W.3d 863, 873 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("As we have already said, a breach of fiduciary duty can occur even without actual damages. *See Burrow*, 997 S.W.2d at 240."). As the Texas Supreme Court observed, "[A]s to the breach of fiduciary claim … we held that a [principal] need not prove actual damages as part of the breach of fiduciary duty claim." *Akin Gump LLP v. National Dev. and Research Corp.*, 299 S.W.3d 106, 121 (Tex. 2010); *see also, e.g., Speedemissions, Inc. v. Capital C Enters., Ltd.*, No. 01-07-00400-CV, 2008 WL 4006748, at *3 (Tex. App.—Houston [1st Dist.] Aug. 28, 2008, no pet.) ("Speedemissions did not have to show actual damages … in order to prevail on it breach-of-fiduciary claim.").

Rather, the elements of a breach of fiduciary duty claim are: "(1) a fiduciary relationship between the plaintiff and defendant, (2) a breach by the defendant of its fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach." *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (emphasis added).[1] In explaining why damages are not an element of breach of fiduciary duty, the Texas Supreme Court in *Burrow v. Arce* recounted:

---

[1] *Cf. Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied) ("breach of fiduciary duty … 'involves the integrity and fidelity of an [agent] and focuses whether an [agent] obtained an improper benefit from representing the client.'") (citation omitted).

2

> It is besides the point for Turner ... to say Kinzbach suffered no damages ... . It would be dangerous precedent for us to say that unless some affirmative loss can be shown, the person who has violated his fiduciary relationship with another may hold on to any secret gain or benefit he may have thereby acquired. It is the law that ... if the fiduciary "takes any ... benefit in violation of his duty ... it is a betrayal of his trust and a breach of confidence, and he must account to his principal for all he has received."

997 S.W.2d 229, 239 (quoting *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942)). *See also Johnson v. Brewer & Pritchard PC*, 73 S.W.3d 193, 200 (Tex. 2002) ("'an agent is subject to a duty ... to act solely for the benefit of the principal ... . In virtually all the cases ... in which an agent diverted an opportunity from the principal, the agent benefitted in some way.'") (quoting Restatement (Second) of Agency § 387 & § 13 cmt. a (1958)).

And so it is here. The Trustee alleges that, due to Huff's self-dealing, the "estates were ... damaged because they lost the <u>benefits</u> that a faithful fiduciary agent could have achieved in asserting claims against SKH on behalf of the ... estates. Any benefit realized by Huff in breaching its duties ... should be returned to the bankruptcy estates." Doc. 1, at 24 (emphasis added).

The Texas Supreme Court's decision in *Burrow*, 997 S.W.2d at 239, is on all fours with the Trustee's allegations. Even if the Trustee had not alleged damages (and he has), no defect in the Trustee's allegations would result – the Trustee has alleged that Huff wrongfully kept the benefit that it obtained from SKH for itself. Huff should be required to disgorge to the estates the benefits that Huff obtained through its self-dealing when Huff was an agent for the Trustee in pursuing the estates' claims against SKH. *Cf. Brock v. Brock*, No. 09-08-00474-CV, 2009 WL 2045244, at *2 (Tex. App.—Beaumont July 16, 2009, no pet.) ("when ... the plaintiff seeks ... benefit disgorgement he need not prove actual damages."); *Wheeler v. Sajovich*, No. 03-03-

3

00367-CV, 2010 WL 2540689, at *7 (Tex. App. – Austin June 23, 2010, no pet.) (where plaintiff seeks disgorgement, breach of fiduciary duty claim "does not require proof of actual damages.")[2]

### 2) Huff is now in possession of the recovery which the estates should have obtained from Huff's pursuit of the SKH claims

Huff's argument is flawed for a second reason. In obtaining authority to act as the estates' agent and fiduciary[3] in pursing the SKH claims, Huff expressly represented to the Court that its pursuit of the SKH claims was "in the best interest of the Debtor's estates because Huff has identified <u>significant value</u> that may yield <u>substantial recovery</u> for the benefit of the estates and the estates have no resources to pursue the Claims." Doc. 137, at 7 (emphasis added). Huff further

---

[2] The cases Huff cites, Doc. 31, at 13, are not to the contrary. In *Yaquinto v. Segerstrom (In re Segerstrom)*, the court simply observed that "injury and causation are still required when a plaintiff seeks to recover <u>damages</u> for a breach of fiduciary duty" – as opposed to forfeiture of any benefit that the fiduciary wrongfully obtained. 247 F.3d 218, 225 n.5 (5th Cir. 2001) (emphasis added). The court in *RX.com v. Hruska*, simply quoted *Segerstrom* for the same proposition. No. Civ. A. H-05-4148, 2006 WL 2583434, at *6 n.13 (S.D. Tex. Sept. 7, 2006).

[3] Pursuant to the fiduciary duties of candor, transparency and unselfishness that Huff owed the Trustee, *see, e.g., Mullen v. Jones (In re Jones)*, 445 B.R. 677, 706 (Bankr. N.D. Tex. 2011); *Robinson v. AJD Partnership Ltd.*, 204 S.W.3d 484, 491 (Tex. App.—Beaumont 2006, pet. denied), Trustee's counsel orally requested in December 2010 that Huff provide the Trustee with a copy of the agreement that Huff entered with SKH. Though acknowledging the existence of the agreement with SKH, Huff declined to provide it to the Trustee. The Trustee followed up in writing on June 28, 2011, with another request for the agreement, as well as for work product Huff had undertaken to determine that the estates' claims against SKH were not worth pursuing, and any communications that Huff had with SKH while working for the benefit of the Trustee. See Ex. 1, attached. The Trustee noted that Huff's obligation to produce the requested materials results from Huff's fiduciary duties to the Trustee, and is not dependent on discovery obligations imposed by, *e.g.*, Fed. R. Civ. P. 26, 34, etc. *Id.* at 2 n.1. The Trustee furthered offered to enter a confidentiality order of the type used in this District for the protection of the SKH/Huff agreement. *See id.* at 2.
Seven months after the Trustee first requested a copy of the SKH/Huff agreement, Huff persists in refusing to produce the requested materials. Instead, Huff responded only with a letter suggesting that the Trustee is negligent himself for not pursuing claims against SKH. See Ex. 2, attached. As noted *infra*, Huff's suggestion that the Trustee should pursue SKH is a red-herring; the benefits that Huff obtained from SKH while acting as the Trustee's agent – in a recovery that should have accrued to the estates' benefit in the first instance – are now in Huff's hands.
Huff's continued refusals to provide the requested materials to the Trustee are in themselves breaches of Huff's fiduciary duties to the Trustee. *See, e.g., Deutsch v. Hoover, Bax, & Slovacek LLP*, 97 S.W.3d 179, 189 (Tex. App.–Houston 2002, no pet.) (indicating that "breaches of duty of candor and loyalty would have stated a separate claim for breach of fiduciary duty.")

warned, "Significant value that should be recovered by the estates <u>could be lost if Huff is not authorized</u> to assert and prosecute the Claims." *Id.*

But – while continuing to act as the estates' fiduciary – Huff later changed its tune, and subsequently "advised the Trustee that any estate claims against SKH were not worth pursuing."[4] Doc. 1, at 24. Because Huff made the statement to the Trustee in its capacity as a fiduciary, the Trustee was and is entitled to rely on it. *See, e.g., Dozier v. Dozier*, No. A14-87-00130-CV, 1988 WL 5497, at *5 (Tex. App.—Houston [14th Dist.] May 26, 1988, writ denied) ("the relationship entitles one to rely on representations made by a fiduciary and may even excuse the principal's failure to read documents provided by the fiduciary for his execution."); *Safety Casualty Co. v. McGee*, 93 S.W.2d 519, 524 (Tex. Civ. App.—Texarkana 1936) ("if one of the parties occupies a fiduciary ... relation to the other, that other party is justified in relying fully ... upon the representations made to him."), *aff'd*, 127 S.W.2d 176 (Tex. 1939).[5]

Plainly, something occurred to change Huff's view of the value (to the estates) of the SKH claims between the time that Huff first unequivocally represented to the Court that these claims had "significant value" and the time that Huff later advised the Trustee that the claims were no longer "worth pursuing" on the estates behalf.[6] As the Trustee alleges, that something was the fact that "Huff used its authority to act on behalf of the estates," Doc. 1 at 24, to obtain <u>for itself</u> from SKH the recovery or benefit that show have instead gone to the estates. Simply put, it is not the case that

---

[4] Huff's pleadings nowhere dispute this allegation.
[5] This has long been the rule in Texas, as elsewhere. *See, e.g., Cristallina SA v. Chistie Manson and Woods Int'l*, 117 A.D.2d 284, 293 (N.Y. App. Div. 1986) ("where ... an agent is selected because of its special fitness for the performance to be undertaken, the principal is entitled to rely on the agent's judgment and integrity"); *Texas Energy Innovation, Inc. v. Hino Elec. Power Co.*, No. 03-07-001-CV, 2010 WL 5210333, at *5 (Tex. App. – Austin Feb. 12, 2010, no pet.) ("people are entitled to rely on those who owe them special duties" such as fiduciaries). *Cf. Christopher v. Kendavis Holding Co. (In re Kendavis Holdings Co.)*, 249 F.3d 383, 388 (5th Cir. 20010) (beneficiary "acted reasonably in relying on [fiduciary's] assurance ... .").
[6] The Trustee reserves all rights to plead in the alternative, and also to amend his pleadings consistent with the Rules as more information becomes available in discovery.

the estates have no damages[7] as the result of Huff's abuses in pursuing the SKH claims for itself, instead of for the estates.

### B. Under Rule 7013, the Trustee's adversary action is a counterclaim to the proof of claim (or original action) filed by Huff

In arguing that Bankruptcy Rule 7013 does not apply, Defendants make an argument both innovative and cursory.[8] According to Defendants, Rule 7013 is inapplicable because the claims that the Trustee brings against the Defendants in this adversary action do not constitute "counter claims" within the meaning of this Rule. *See* Doc. 31, at 3 ("the causes of action asserted by the Trustee do not constitute 'counterclaims' that could have been asserted in connection with the Trustee's own Sale Motion."). Specifically, Huff argues the Trustee's claims against Defendants in this adversary action cannot constitute *counter*claims under Rule 7013, because the Sale Motion filed by the Trustee was the "original action" for purposes of determining what causes of action are "claims" as opposed to "counterclaims." *See* Doc. 31, at 3 ("Trustee voluntarily initiated the Sale Motion ... ."). Because the Trustee was thus "in an 'offensive' position as the initiator of an original action," Defendants continue, the Trustee "was never in the defensive position for which Rule 7013 provides protection: he was not forced by litigation initiated by someone else into asserting counter claims ... ." Doc. 31, at 4 & n.1.

---

[7] The Trustee notes that there is no requirement under Rule 8(a) that the estates' damages be plead with specificity. Rather, a plaintiff seeking damages must simply allege the fact of damages. *See, e.g., Council on American-Islamic Relations v. Gaubatz*, No. 09-02030 (CKK), 2011 WL 2515975, at *28 (D.D.C. June 24, 2011) ("Plaintiffs are not required to plead their damages with particularity" under Rule 8(a)); *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 712 (N.D. Ill. 2006) (although plaintiff "has not stated which particular damages he suffered, he is not required to do so under the minimal pleading requirements under Rule 8(a)."); *Xpedior Credit or Trust v. Credit Suisse*, 341 F.Supp.2d 258, 272 (S.D. N.Y. 2004) ("Under Rule 8(a) *Xpedior* need only allege that it was damaged; it is not required to specify the measure of damages nor to plead proof of causation.").

[8] In support of this argument, the Defendants cite only language of Rule 7013, and a single case, *Merritt Logan, Inc. v. Fleming Foods of Penn., Inc. (In re Merritt Logan, Inc.)*, 138 B.R. E.T. Penn. 1992). *See* Doc. 31, at 3-4. Defendants' citation to *Merritt Logan*, 138 B.R. at 28 n. 20, is taken directly from the Trustee's Supplemental Brief in Opposition to Defendants' Motion to Dismiss. *Compare* Doc. 30, at 11 *with* Doc. 31, at 4 (both instruments quoting from footnote 20 of the *Merritt Logan* decision).

Defendants ignore bankruptcy case law holding that – for purposes of determining who is the initiator of an "original action" against whom a defendant may bring counter claims – it is the creditor's <u>proof of claim</u> that constitutes the "original action." The Fifth Circuit has noted that the "filing of a proof of claim is analogous to the filing of a complaint in a civil action ... ." *O'Neill v. Continental Airlines, Inc. (In re Continental Airlines)*, 928 F.2d 127, 129 (5th Cir. 1991) (citing *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985)). *See also Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2nd Cir. 1962) ("The filing by Nortex of its proof of claim is analogous to the commencement of an action within the bankruptcy proceeding."); *Kline v. Zueblin (In re American Export Group Int'l Servs., Inc.)*, 167 B.R. 311, 313 (Bankr. D.C. 1994) ("The proof of claim filed by Zueblin is analogous to a complaint filed in the District Court."); *Ira Haupt & Co.*, 253 F.Supp. 97, 98 (S.D. N.Y. 1966) ("The filing by each bank of its proof of claim is analogous to the commencement of the action within the bankruptcy proceeding."); *Kenny v. Block (In re Kenny)*, 75 B.R. 515, 520 (Bankr. E.D. Mich. 1987) (same).

Huff cannot dispute that it filed a proof of claim for more than $28 million in Ausam's bankruptcy. *See, e.g.*, No. 08-38222, Doc. 92, at 4. Huff's proof of claim is thus properly viewed as the complaint, and the Trustee's adversary action against Defendants as a counter claim to that original action. *See Kline*, 167 B.R. at 313 ("Zueblin's proof of claim is properly viewed as a complaint and the debtor's <u>adversary proceeding as a counter claim to that complaint</u>.") (emphasis added). *See also, e.g., Ferris v. Chrysler Credit Corp. (In re Ferris)*, 764 F.2d 1475, 1477 (11 Cir. 1985) (debtor's complaint against the party who filed a proof of claim "was in the nature of a counterclaim"); *Kenny v. Block (In re Kenny)*, 75 B.R. 515, 520 (Bankr. E.D. Mich. 1987) ("The filing of a proof of claim has been treated as analogous to the filing of a complaint in a civil action. This adversary proceeding, commenced by plaintiffs after the government filed its [proof] claim,

although filed as a separate action, in essence sets forth counter claims against the government.") (citations omitted).[9]

Further, as numerous courts have determined, the term "counter claim" – as used in authorities to describe adversary actions brought by estates against persons filing proofs of claim – is not limited to adversary actions directed to objecting to or disputing the creditor's proof of claim. *See, e.g., Davidson v. Limerick (In re Answerfone, Inc.)*, 67 B.R. 167, 168 (Bankr. E.D. Ark. 1986) (Trustee's RICO action against creditor who filed proof of claim in debtor's bankruptcy case was "in the nature of a counterclaim against a creditor who has filed a claim"); *Marketing Resources Int'l Corp. v. P.T.C. Corp. (In re Marketing Resources Int'l Corp.)*, 43 B.R. 71, 72 (Bankr. E.D. Tenn. 1984) (debtor's action "alleging tortuous interference with current and prospective contractual relations" was "counter claim[] by the estate against persons filing claims against the estate ... ."); *Bokum Resources Corp. v. Long Island Lighting Co. (In re Bokum Resources Corp.)*, 49 B.R. 854, 862 (Bankr. D.N.M. 1985) (debtors' claims for "fraud ... or fraudulent conveyances ... constituted 'counter claims' by the estate against person filing claims against the estate' ... .").

Defendants' argument that claims the Trustee makes against Huff in this adversary action are not "counterclaims" for purposes of Rule 7013 lacks merit.

### C. Rule 60(b) has no application in these circumstances – the Trustee makes no attempt to undo, unwind or re-visit the Sale Order

Huff's Rule 60(b) argument seems to be that, despite Bankruptcy Rule 7013, a sale order forever immunizes a purchaser from any claims that the purchaser committed pre-sale-order torts

---

[9] Section 157(b)(2)(C) states that a bankruptcy core proceedings will include "counterclaims by the estate against the persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C). As the court in *Kline* noted, the case law is thus consistent with congressional intent, because "Congress evidenced an intent that a proof of claim should be treated as a complaint by referring to actions brought by the estate against the person filing a proof of claim as 'counter claims' 28 U.S.C. § 157." 167 B.R. at 313. *See also Schwinn Plan Comm. v. T.I. Reynolds 531, Ltd. (In re Schwinn Bicycle Co.)*, 182 B.R. 526, 530 (Bankr. N.D. Ill. 1995) (noting section 157(b)(2)(C) refers to actions brought by the estate against persons filing proofs of claim as "counterclaims").

8

on the debtor. *See* Doc. 31, at 6 ("The Trustee cannot obtain relief from the Sale Order pursuant to Rule 60 by filing the Complaint, waiting for the Defendants to assert *res judicata*, and then raising Rule 7013 ... ."[10])

Rule 60(b) has no application here. As the Seventh Circuit has noted, "A Complaint must be read as a whole in order to assess its true nature." *Del Monte Fresh Produce, Inc. v. Transportation Ins. Co.*, 500 F.3d 640, 644 (7th Cir. 2007). Here, simply reading the Trustee's Complaint shows that the Trustee makes no allegations seeking to "undo" or "unwind" the Sale Order. Rather, as counsel stated at argument, the Trustee's Complaint asserts two principal theories:

- Defendants committed <u>post-Debenture, pre-petition torts</u> on debtor (fraud, negligent misrepresentation, conspiracy with debtor's director) for which Trustee seeks a "money judgment" ... .

---

[10] Cases mentioning both Rule 7013 and Rule 60(b) appear rare. A Westlaw search phrased "7013 /p 'rule 60'" yields only one case, *Shemwell v. Luster*, No. 06-1808, 2007 WL 2702199, at *6-8 (W.D. La. Sept. 13, 2007). Though the sole case cited by Huff for on the interplay between Rule 7013 and Rule 60(b), this case provides no support for Huff's arguments. *See* Doc. 31, at 6.

In *Shemwell*, after entry of an order granting the fee application of the debtor's former counsel, the debtor filed a malpractice action against that former counsel in state court. *Id.* at *2. The debtor's former counsel filed exceptions, claiming the malpractice was barred by the res judicata effect of the order on his fee application. *Id.* Prior to the hearing on these exceptions, the Trustee filed an instrument titled, "Motion out of Abundance of Caution for Rule 60(b) Relief to Declare the Applicability of Rule 7013 to Trustee's Legal Malpractice Claims in State Court." *Id.* at *2. Debtor's former counsel objected to this motion as not brought within one year as required by Rule 60(b). *Id.* The Trustee responded that his Motion was not for relief under Rule 60(b), but rather that he wished the Motion to be considered under Rule 7013. *Id.* at 2.

Eschewing Rule 7013, the bankruptcy court declined to base its order on that Rule, and instead granted Trustee's Motion <u>solely under Rule 60(b)(6)</u>. *Id.* at 3 (court stating "from my point of view, this is 60(b)(6)"). The District Court reversed, but made clear that "**[w]hether the bankruptcy court's order would have been valid pursuant to Rule 7013 is not an issue on appeal.**" *Id.* at 2 n.1 (emphasis added).

Huff's suggestion that *Shemwell* held a "trustee's motion pursuant to Rule 7013 for leave to assert counterclaims against ... professionals after entry of a final fee application order [was] denied because the requirements of FRCP 60(b) were not met," Doc. 31, at 6, is inaccurate. In *Shemwell*, the trustee's motion was <u>only considered under Rule 60(b)</u>, the bankruptcy court granted relief based only upon Rule 60(b), and the District Court's reversal was based only upon Rule 60(b). Neither the bankruptcy court nor the District Court applied or considered Rule 7013.

9

- Defendants committed [a] <u>post-petition, post-Sale Order</u>, breach of fiduciary duty to Trustee by misusing or self dealing on authority to pursue claims against SKH on behalf of estates; Trustee seeks "return to estates" of benefit, "money judgment" and § 510 subordination.

*See* Ex. 3.

In attempting to avoid the rule that it must read the entire Complaint, *see Del Monte*, 500 F.3d at 644, Huff seizes on <u>just three phrases</u> from this thirty-page, 72-plus paragraph instrument. According to Huff, the following three phrases, taken from the eight-paragraph Prayer for Relief on Complaint page 29, show that the Trustee's action is actually a thinly disguised attack on the Sale Order:

b. A money judgment for the valuable of all property transferred to Huff on account of its secured claims or the return of all such property;

c. Disallowance of Huff's claim in the ... bankruptcy case;

d. Unwinding, reversion and/or avoiding of any transactions that Huff procured in the Debtor's bankruptcy case by reason of Huff's fraud or wrongful conduct ... .

Doc. 31, at 9 (quoting Doc. 1, at 29).

At least two of these three phrases that Huff seizes upon indisputably relate only to the Trustee's claims against Huff for Huff's <u>post-Sale Order</u> breaches of fiduciary duty to the Trustee by self-dealing in Huff's pursuit of the SKH claims for the bankruptcy estates.

The Complaint makes clear that the basis for the Trustee's disallowance claim is 11 U.S.C. § 502. *See* Doc. 1, at 25. Section 502(j) states that a "claim that has been allowed ... may be reconsidered for cause. A reconsidered claim may be ... <u>disallowed according to the equities of the case</u>." *Id.* § 502(j) (emphasis added). Cases interrupting section 502(j) also make clear that in "'the exercise of its equitable jurisdiction, the bankruptcy court has the power to sift the circumstances surrounding any claim to see that <u>injustice or unfairness is not done in the administration of the bankruptcy estate</u>.'" *Cattafi v. O'Niell (In re Nuisance Corp.)*, 17 B.R. 80,

83 (Bankr. D.N.J. 1981) (emphasis added) (quoting *Pepper v. Litton*, 308 U.S. 295, 309 (1938)). Cases like *Cattafi* and *Pepper* show that, where a claimant breaches a fiduciary duty owed to a principal such as the bankruptcy Trustee while purporting to assert claims for the estates, any claim the fiduciary made against the debtor can be reconsidered and disallowed.[11]

Here, Huff breached its fiduciary duty to the estate by wrongfully diverting to itself from SKH a recovery or benefit that should have gone to the estate. As a result of this breach, the Court is fully empowered to disallow the amount of any claim that Huff had remaining in the Ausam bankruptcy <u>after the Sale Order was entered</u>. *See* No. 08-38222, Doc. 112, at 3. This relief would in no way "unwind," "undo," or "attack" the Sale Order.

Moreover, even Huff cannot dispute that the third phrase that it seizes upon seeks only to void transactions that Huff procured <u>during Ausam's bankruptcy proceedings</u> by reason of Huff's misconduct. As the Texas Supreme Court has noted, the voiding of a self-interested transaction is a classic remedy for breach of fiduciary duty. *See Burrow*, 997 S.W.2d at 239 n.35 ("'[t]he self-interest of the agent is considered a vice which renders a transaction voidable at the election of the principal without looking into the matter further than to ascertain that the interest of the agent exists.'") (quoting *Anderson v. Griffith*, 501 S.W.2d 695, 701 (Tex. Civ. App.—Fort Worth 1973, writ ref'd n.r.e.)). This allegation plainly goes to the Trustee's allegation that any benefit that Huff achieved in self-interested dealings with SKH while pursuing claims against SKH on the Trustee's "watch" must be "unwound," in the sense that Huff must disgorge that benefit and return it to the estates. *See* Doc. 1, at 24 ("any benefit realized by Huff in breaching its duty ... should be returned to the ... estates.").

---

[11] *See* 17 B.R. at 83 ("'He who is in such a fiduciary position cannot serve himself first and his cestuis second. ... For that power is subject to the equitable limitation that it may not be exercised for the ... advantage of the fiduciary to the ... detriment of the [estate]. Where there is a violation of those principles, equity will undue the wrong ... .'").

Hence – after scouring the Trustee's thirty-page, 72-plus paragraph, 700-plus line Complaint – Huff's entire argument that the Trustee seeks to "unwind" the Sale Order, Doc. 31, at 9, hangs on a sliver of a phrase taken from a two-line subpart of the Trustee's Prayer for Relief. *See* Doc. 1, at 29.

But, at bottom, the purpose of "Rule 12(b)(6) is to test the legal sufficiency of the claims advanced in the complaint," *Glanville v. Dupar, Inc.*, 727 F.Supp.2d 596, 599 (S.D. Tex. 2010) – not to permit a defendant to recast the Trustee's claims to best suit the defendant's argument for dismissal. *See, e.g., Norman v. Salomon Smith Barney, Inc.*, 350 F.Supp.2d 382, 386 (S.D.N.Y. 2004) (on motion to dismiss, "courts should be wary of a defendant's attempt to recast the plaintiff's complaint ... ."). As explained in the Trustee's Response to Huff's Motion to Dismiss, *see* Doc. 21, the Trustee has sufficiently alleged claims for Huff's pre-Debenture, pre-petition torts and for Defendants' post-Sale Order breaches of fiduciary duty. To any extent that the single phrase found in sub-part (b) of the Complaint's Prayer for Relief, *see* Doc. 1, 29, seeks relief unavailable on the Trustee's claims, the Trustee consents to dismissal of the two lines contained in that subpart (b). Alternatively, the Trustee can re-plead his Complaint to delete these two lines alone.

### D. Huff's remaining arguments simply repeat Huff's previous briefs

Huff's remaining points are the same arguments, made with exactly the same cases, that Huff previously set out in its Motion to Dismiss. *Compare* Doc. 15, at 16-19 *with* Doc. 31 at 10-12 (both pleadings citing, *e.g., In re Farmland, Inc.*, 376 B.R. 718 (Bankr. W.D. Mo 2007); *In re CHC Indus., Inc.*, 389 B.R. 767 (Bankr. M.D. Fla. 2007); *Regions Bank v. J.R. Oil LLC*, 387 F.3d 721 (8th Cir. 2004); *In re Baudoin*, 981 F.2d 736 (5th Cir. 1993)). In fact, Huff admits that it is simply repeating itself. *See* Doc. 31, at 10 (arguing Huff should prevail "for all the reasons

articulated in Defendants' previous briefs.") These "recycled" arguments fail for the reasons already noted in the Trustee's Response. See Doc. 21, at 24-29.

## II. Conclusion and Prayer

For the above reasons, the Trustee respectfully requests that the Huff Motion to Dismiss (Doc. 15) be denied, and that the Trustee be granted any leave as necessary or appropriate under Bankruptcy Rule 7013 for the Trustee to pursue claims against Huff for pre-petition torts committed upon Debtors. The Trustee respectfully requests all other appropriate relief.

Respectfully submitted,

STRAWN PICKENS L.L.P.

By: /s/ Andrew L. Pickens
John R. Strawn, Jr., #19374100
Andrew L. Pickens, #15971900
1001 Fannin Street, Suite 4665
Houston, Texas 77001
(713) 659-9600
(713) 659-9601 (Fax)

**ATTORNEYS FOR TRUSTEE WILLIAM G. WEST**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all interested parties on this the 29th day of July 2011.

Mr. Robert Jones
Mr. Michael Tristan
Patton Boggs LLP
2000 McKinney, Suite 1700
Dallas, Texas 75201

/s/ Andrew L. Pickens
Andrew L. Pickens