# EXHIBIT C

# TRUSTEE'S FIRST MOTION TO COMPEL

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **NORAM RESOURCES, INC. and** | § | **Case No. 08-38222-H1-7** |
| **AUSAM ENERGY CORPORATION,** | § | **(Chapter 7)** |
| | § | **(Jointly Administered)** |
| Debtors. | § | |
| **WILLIAM G. WEST,** | § | |
| **CHAPTER 7 TRUSTEE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Adversary No. 10-3703** |
| | § | |
| **WRH ENERGY PARTNERS, L.L.C.,** | § | |
| **HUFF ENERGY FUND, L.P.,** | § | |
| **W.H. AVE., LLC, and BARRY BORAK,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUESTS FOR PRODUCTION

TO:    Plaintiff, by and through its attorney of record, Andrew L. Pickens, 711 Louisiana, Suite 1850, Houston, Texas 77002.

Pursuant to the Texas Rules of Civil Procedure, Defendants the Huff Energy Fund, L.P. ("Huff") and Barry Borak ("Borak,") (collectively, the "Defendants") serve this Response to Plaintiff's First Requests for Production (the "Requests").

### I.

### PRELIMINARY STATEMENT

To the extent that the Requests herein seek the identification of all relevant documents, they are responded to fully, insofar as such documents or information are presently reasonably available to Defendants.   Defendants specifically reserve the right to present subsequently discovered facts or evidence at trial should this case proceed.   Defendants further object to the

production of any documents which are sensitive, confidential or proprietary in nature, or which may contain privileged or trade secret information until such time as a suitable confidentiality and protective order has been entered by the Court. This statement is incorporated into each response hereafter.

Defendants further make the following objections to each of the Requests and each such objection is incorporated into each response hereafter:

1.   Defendants object to the Requests to the extent they are inconsistent with and/or seek to expand Defendants' obligations under the Texas Rules of Civil Procedure.

2.   Defendants object to the Requests to the extent they require or seek the disclosure of information protected by the attorney-client and/or work product privileges.

3.   Defendants object to the Requests to the extent they seek information that is available from public sources and/or information equally available to or in the possession of Plaintiff.

4.   Defendants object to the time and place of production of responsive records as set forth in the Requests. Defendants will produce responsive non-objectionable documents, to the extent they exist, at a mutually agreed time and place.

5.   Defendants object to the production of any document that is confidential by reason of agreement or otherwise subject to the entry of an appropriate protective order.

## II.

## OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All documents and/or communications described in the Trustee's Jones June 28, 2011 Letter, including but not limited to:

- Any and all work product, analyses or reports on the status of investigations that Huff or its attorneys created after December 28, 2009, referring to, relating to or showing in any way Huff's reasons for determining that the pursuit of claims against SKH on behalf of

the Debtor's Estates was no longer worthwhile, whether from Huff's perspective or the perspective of the Estates;

- Any communications or documents, including but not limited to letters, faxes, emails, memoranda or like documents, made between Huff and SKH after December 28, 2009, which refer to, relate to or show in any Huff's pursuit of "the Claims" as defined in Motion for Authority; and

- Any agreement, contract or other understanding between SKH and Huff relating to or in any way showing terms for resolution and/or dismissal of the claims and/or counter-claims brought in *SKH Management, L.P., et al v. Huff Energy Fund LP and W.H. Ave., LLC*, Adversary No. 09-03165, (Bankruptcy case No. 08-38222), U.S Bankruptcy Court Southern District of Texas. (The Trustee will enter a standard protective order to the extent needed to protect confidential portions of this agreement.)

## RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by the attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 2:

All documents showing the "misrepresentations by SKH to the Debtors concerning the Properties" as described at page 3 of the Motion for Authority.

## RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it calls for a legal conclusion. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 3:**

All documents showing that as a "result of the Title Defects, the Debtors' business plan was seriously impaired," as stated at page 3 of the Motion for Authority.

**RESPONSE:**

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 4:**

All documents showing that "Ausam overpaid SKH for the Properties" and/or that "Ausam did not receive reasonably equivalent value in return for its payment of the purchase price for the Properties," as stated at page 3 of the Motion for Authority.

**RESPONSE:**

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it calls for a legal conclusion. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 5:**

All documents showing that "Ausam was insolvent, rendered insolvent, had unreasonably small capital and/or could not pay its debts as they became due as result [of] making payment of the purchase price to SKH," as stated at page 3 of the Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it calls for a legal conclusion. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 6**:

All documents showing the "Estates Hold Colorable Claims against SKH" and/or that the Debtors' estates had claims against SKH for "recovery of fraudulent transfers/conveyances" as stated at pages 5 and 6 of the Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it calls for a legal conclusion. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 7**:

All documents showing Huff's actions to "further investigate the identified causes of action and any other causes of action that may exist against SKH," as stated at page 6 of the Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants

will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 8:

Copies of all "Rule 2004 examinations (or depositions pursuant to Part VII of the Federal Rule[s] of Bankruptcy Procedure" that Huff took pursuant to its representations at page 6 of the Motion for Authority.

## RESPONSE:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, including transcripts of any Rule 2004 examinations (or depositions pursuant to Part VII of the Federal Rule of Bankruptcy Procedure) of SKH taken by Huff, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 9:

All documents showing, containing or constituting Huff's "own legal analysis of the breaches of representations and warranties" as described at page 6, footnote 2, of the Motion for Authority.

## RESPONSE:

Defendants object to the foregoing request as it seeks documents irrelevant to the claims or defenses of any party to this proceeding as it is not limited to the time frame relevant to same. Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges.

**REQUEST FOR PRODUCTION NO. 10**:

All documents showing that Huff shared with the Court, in camera or otherwise, Huff's "own legal analysis of the breaches of representations and warranties" as Huff represented it would do at page 6, footnote 2, of the Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents irrelevant to the claims or defenses of any party to this proceeding as it is not limited to the time frame relevant to same. Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges.

**REQUEST FOR PRODUCTION NO. 11**:

All "settlement offers" that Huff received from SKH before, during and after the time that Huff was representing the Trustee as contemplated at page 7 Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request as "settlement offers" received from SKH before Huff was representing the Trustee are irrelevant to the claims or defenses of any party to this proceeding. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 12**:

All "periodic reports from Huff of the status of the investigation and prosecution of the Claims" as described at page 7 of the Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 13**:

All documents showing that "Huff has identified significant value that may yield substantial recovery for the benefit of the estates" as stated at page 7 of the Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 14**:

All documents showing that "[s]ignificant value that should be recovered by the estates could be lost if Huff is not authorized to assert and prosecute the Claims" as stated at page 7 of the Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 15:

All documents showing, containing or constituting Huff's "extensive and ongoing review of the Claims" as referred to at page 8 of the Motion for Authority.

## RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 16:

All documents showing Huff's making "procedural, strategic, substantive and logistical decisions concerning any aspect of the above-described Claims," as set out at page 1 of the Order Granting Motion for Authority.

## RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 17:

All documents showing Huff's providing "any settlement offers and periodic updates to the Chapter 7 Trustee" as stated at page 2 of the Order Granting Motion for Authority.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 18**:

All communications and/or documents showing Huff's reasons for deciding "not to further investigate, commence, or prosecute the Claims against SKH," as stated in the Davidson April 1, 2010 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it seeks documents irrelevant to the claims or defenses of any party to this proceeding. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 19**:

All communications and/or documents showing or relating to Huff's reasons for deciding not to further investigate, commence, or prosecute the Claims against SKH," as related in the Davidson April 1, 2010 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it seeks documents irrelevant to the claims or defenses of any party to this proceeding.

Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

### REQUEST FOR PRODUCTION NO. 20:

All communications between Huff and SKH relating to the Huff/SKH Lawsuit.

### RESPONSE:

Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

### REQUEST FOR PRODUCTION NO. 21:

All communications between Huff and SKH relating to settlement of the Huff/SKH Lawsuit.

### RESPONSE:

Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

### REQUEST FOR PRODUCTION NO. 22:

All documents showing, containing, constituting or relating to Huff's and/or SKH's discussions of, or negotiations for, the settlement of the Huff/SKH Lawsuit.

### RESPONSE:

Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 23:**

The SKH Settlement, and the "Settlement Agreement and Release" referred to at page 1 of the Agreed Motion to Dismiss, including all drafts of the SKH Settlement and Settlement Agreement and Release.

**RESPONSE:**

Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 24:**

All communications with SKH relating to Payouts, performance or production for oil or gas wells drilled on the Leases since September 21, 2006.

**RESPONSE:**

Defendants object to the foregoing request as it is overly broad and unduly burdensome as it seeks communications outside the possession of Defendants, fails to identify a specific category of documents as the term "Leases" is vague and undefined, and seeks documents not relevant to the claims or defenses of the parties to this lawsuit. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 25:**

All communications between Huff and Borak relating to the Debenture, the Properties or the Ausam Assets.

**RESPONSE**:

Defendants object to the foregoing request as it assumes the legal conclusion that Huff communicated with Borak in any capacity other than in the course of Borak's employment with Huff. Subject to the foregoing objections, there are no documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 26:

All communications between Huff and Borak relating to default or any events of default under the Debenture.

**RESPONSE**:

Defendants object to the foregoing request as it assumes the legal conclusion that Huff communicated with Borak in any capacity other than in the course of Borak's employment with Huff. Subject to the foregoing objections, there are no documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 27:

All communications between Bennett Jones LLP and Huff or Borak relating to the Debenture, default or events of default under the Debenture, or the financing referenced in the Der August 20, 2008, Letter.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 28**:

All communications between that Huff or Borak made in response to the Der August 20, 2008, Letter.

**RESPONSE**:

Defendants object to the foregoing request as it assumes the legal conclusion that Huff communicated with Borak in any capacity other than in the course of Borak's employment with Huff. Subject to the foregoing objections, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**:

All documents showing the due diligence that Huff conducted for Ausam and/or the Properties, prior to lending the $25 million principal amount of the Debenture to Ausam, including documents containing, constituting or showing any summaries or executive summaries, condensations, or conclusions for the due diligence.

**RESPONSE**:

Defendants object to the foregoing request as it is overly broad and unduly burdensome and as it seeks documents not relevant to the claims or defenses of the parties to this lawsuit. Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 30**:

All documents showing communications which Huff made to investors, shareholders, unit holders, partners or owners of any type in the Huff Energy Fund LP relating to the Debenture or to Huff's loaning the amount evidenced by the Debenture to Ausam.

**RESPONSE**:

Defendants object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 31**:

All documents showing communications which Huff made to investors, shareholders, unit holders, partners or owners in the Huff Energy Fund LP relating to Huff's due diligence for Ausam and/or the Properties.

**RESPONSE**:

Defendants object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 32**:

All documents showing Huff's analysis of, or reasons for, lending the amount evidenced by the Debenture to Ausam, including documents containing, constituting or showing any summaries or executive summaries, condensations, or conclusions of those reasons.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges.  Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 33**:

All documents showing Huff's appraisal or analysis of, or conclusions as to, the value of the Collateral defined at page 2 of the Debenture.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 34**:

All communications Huff made to investors, shareholders, unit holders, partners or owners of any type in the Huff Energy Fund LP about, or relating to, the Sale Order or Ausam Assets.

**RESPONSE**:

Defendants object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 35**:

All communications showing the Payout, performance or production of any oil or gas wells drilled on the Ausam Assets or Properties, including documents containing, constituting or showing any summaries or executive summaries, condensations, or conclusions of those reasons.

**RESPONSE**:

Defendants object to the foregoing request as it is overly broad and unduly burdensome and as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit as it is not limited to the time frame relevant to same. Defendants further object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections,

Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 36:

All communications Huff made to investors, shareholders, unit holders, partners or owners of any type in the Huff Energy Fund LP about, or relating to, the Payout, performance or production of any oil or gas wells drilled on the Ausam Assets or Properties.

## RESPONSE:

Defendants object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit as it is not limited to the time frame relevant to same.

## REQUEST FOR PRODUCTION NO. 37:

All communications Borak made, or which Huff made, to any managers and/or directors of Ausam.

## RESPONSE:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 38:

All communications internal to Huff, or which Borak read or saw, relating to Ausam's ability to repay the loan evidence by the Debenture.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges and as it seeks documents not relevant to the claims or defenses of the parties to this lawsuit. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 39**:

All communications internal to Huff, or which Borak read or saw, relating to Payout, performance or production of any oil or gas wells drilled on the Ausam Assets or Properties, including documents containing, constituting or showing any summaries or executive summaries, condensations, or conclusions of those reasons.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit as it is not limited to the time frame relevant to same. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 40**:

All documents or communications relating to, or discussing the contents of, the Avery October 16, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 41**:

All documents or communications which Borak read or saw relating to the Avery October 16, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 42**:

All communications which Huff or Borak made relating to, or in responding to, the Avery October 16, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 43**:

All documents or communications relating to, or discussing the contents of, the Avery November 21, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 44**:

All documents or communications which Borak read or saw relating to the Avery November 21, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 45**:

All communications which Huff or Borak made relating to, or in responding to, the Avery November 21, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants

will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 46:

All documents or communications relating to, or discussing the contents of, the Huff November 28, 2008 Letter.

## RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 47:

All documents or communications which Borak read or saw relating to the Huff November 28, 2008 Letter.

## RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 48:

All drafts of the Huff November 28, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 49:

All documents or communications which Borak read or saw relating to Ausam, the Ausam Assets, or the Properties.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit as it is not limited to the time frame relevant to same. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 50:

All communications which Huff or Borak made relating to, or in responding to, the Der August 20, 2008 Letter.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 51:**

All documents or communications which Borak read or saw relating to the Der August 20, 2008 Letter.

**RESPONSE:**

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 52:**

All documents or communications relating to, or discussing the contents of, the Huff November 28, 2008 Letter.

**RESPONSE:**

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 53:**

All communications that Huff made in responding to any letters from Ausam or Bennett Jones LLP serving as notice under article 6.14 of the Debenture, or as notice of any proposed financing by Ausam.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 54**:

All documents or communications that Borak read or saw relating to notice under article 6.14 of the Debenture, or to notice of any proposed financing by Ausam.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 55**:

All communications that Huff made in responding to any letters from Ausam or Bennett Jones LLP or seeking a response from Huff regarding financings by Ausam.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 56**:

All communications relating to Ausam, the Ausam Assets, the Properties, or financings or proposed financings by Ausam that Huff sent to or received from Bennett Jones LLP.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 57**:

All documents, including electronically stored documents, initially belonging to Ausam that Huff obtained as a result of purchasing the Ausam Assets or as a result of the Sale Order, including documents stored or retained on computers of any type.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own.

**REQUEST FOR PRODUCTION NO. 58**:

All documents responsive to First Request for Production No. in their native format.

**RESPONSE**:

Defendants object to the foregoing request as being vague and ambiguous as it fails to identify the Request for Production to which it is targeted.

**REQUEST FOR PRODUCTION NO. 59**:

All documents or communications that Borak or Huff read or saw showing: (a) all the oil or gas wells drilled on the Properties after September 21, 2006, (b) the volumes of oil, gas or hydrocarbon produced from each well drilled on the Properties after September 21, 2006 since the date that production first began, (c) calculations of payout for each well drilled on the Properties since September 21, 2006, and/or (d) Huffs total net revenue interest received from May 12, 2009 (i.e., the date that Huff purchased the Ausam Assets) up to the present date on oil or gas wells drilled on the Properties since May 12, 2009.

**RESPONSE**:

Defendants object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit as it is not limited to the time frame relevant to same. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 60**:

All documents or communications reviewed or relied upon by any testifying expert witness retained by Huff or by Borak in the above-captioned adversary action.

**RESPONSE**:

Subject to the foregoing objections, there are no responsive documents at this time.

**REQUEST FOR PRODUCTION NO. 61**:

All policies of insurance covering claims made against Huff or Borak in the above-captioned adversary action.

**RESPONSE:**

Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 62:**

All indemnity agreements between Huff and Borak relating to claims in the above-captioned adversary action.

**RESPONSE:**

Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 63:**

All recordings of telephone conversations or other conversations between Huff and Ausam or Ausam's directors or officers, or between Borak and Ausam or Ausam's directors or officers.

**RESPONSE:**

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 64:**

All documents relating to or showing telephone conversations or other conversations between Huff and Ausam or Ausam's directors or officers, or between Borak and Ausam or Ausam's directors or officers.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 65:

All documents relating to or showing meetings between Huff and Ausam or Ausam's directors or officers, or Borak and Ausam or Ausam's directors or officers.

### RESPONSE:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 66:

All documents prepared, read or seen by Huff or Borak relating to June 2008 telephone conversations between Ed Dartley and Mark Avery or other Ausam directors or officers.

### RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 66**:

All documents prepared, read or seen by Huff or Borak relating October 2008 telephone conversations between Bryan Bloom and Mark Avery or other Ausam directors, including specifically, but not exclusively, conversations on October 7, 2008.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 67**:

The letter that Huff sent to Ausam on or about December 15, 2008 requesting that Ausam deed, convey or transfer certain oil and gas properties to Huff.

**RESPONSE**:

Defendants object to the foregoing request as it seeks documents already in Plaintiff's possession and/or which Plaintiff has had an ample opportunity to discover on its own. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 68**:

All documents or communications relating to, or discussing the contents of, the letter that Huff sent to Ausam on or about December 15, 2008.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 69:

All drafts of the letter that Huff sent to Ausam on or about December 15, 2008.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 70:

All communications that Huff or Borak had with American Home Assurance Company or American International Group, Inc. relating to Executive and Organization Liability Insurance Policy No. 340 95 27, or relating to coverage for any Ausam director or officer, including Borak, under this Policy, including but not limited to any reservations of rights letters.

**RESPONSE**:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it is overly broad and unduly burdensome as it seeks documents that are not relevant to the claims or defenses of the parties to this lawsuit. Subject to the foregoing objections,

Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

## REQUEST FOR PRODUCTION NO. 71:

Any analysis, estimation, calculation or computation of damages caused to Ausam by the Ausam directors' and/or officers' (1) failure to perform the necessary due diligence for the Acquisition Agreement for the Leases, (2) causing Ausam and/or Noram to acquire a 12.5% working interest in the Rice University A-393 1H well without proper authorization, and/or (3) payment of oversized bonuses to Ausam officers, directors and employees, as described in the Jones February 25, 2010 Letter.

## RESPONSE:

Defendants object to the foregoing request to the extent it seeks documents protected by attorney-client and/or work product privileges. Defendants further object to the foregoing request as it is calls for a legal conclusion. Subject to the foregoing objections, Defendants will produce responsive non-objectionable documents, to the extent any exist, at a mutually agreeable time and place.

Dated June 20, 2012

Respectfully Submitted,

PATTON BOGGS LLP

Robert W. Jones
Texas State Bar No. 10951200
Michael B. Tristan
Texas State Bar No. 24046995
Brian Smith
Texas State Bar No. 24066101
Patton Boggs LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201
Direct: 214-758-1500
Fax: 214-758-1550

*Attorneys for the Defendants.*

## CERTIFICATE OF SERVICE

I certify that, on June 20, 2011, a true and correct copy of the foregoing instrument was provided to all counsel or parties of record in accordance with Fed. R. Civ. P. 5 by email, the Court's electronic service/ECF system, fax certified mail, RRR, and/or courier receipted delivery, at the addresses listed below.

Michael B. Tristan

| Andrew Pickens<br>John Strawn<br>STRAWN PICKENS LLP<br>711 Louisiana, Suite 1850<br>Houston, TX 77002<br>Phone: 713-659-9600<br>Fax:   713-659-9601<br>apickens@strawnpickens.com<br>jstrawn@strawnpickens.com<br><br>*Attorneys for Plaintiff William G. West* | |